**KANSAS CITY TERMINAL RAILWAY COMPANY, a Corporation, Plaintiff,**

v.

**HYMAN–MICHAELS COMPANY, a Corporation, Defendant.**

**No. 81 C 2003.**

United States District Court, N. D. Illinois, E. D.

June 26, 1981.

James A. Klenk, Reuben & Proctor, Chicago, Ill., Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., Daniel Linhardt, ICC, Washington, D. C., for plaintiff.

Gary Mitchell, Aaron, Schimberg, Hess, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Kansas City Terminal Railway Company ("KCT") brought this action against defendant Hyman-Michaels Company ("Hyman-Michaels") to recover sums allegedly due under an agreement for the sale of scrap steel rails. The suit arose out of an Interstate Commerce Commission ("ICC") order directing KCT to operate the Chicago, Rock Island and Pacific Railroad Company ("Rock Island") and to collect all money due it in connection with that operation. While KCT was operating the Rock Island, pursuant to the ICC order, Rock Island entered into an agreement for the sale of scrap steel rails to Hyman-Michaels. Hyman-Michaels has refused to pay KCT the amount due, contending that it has paid the Rock Island trustee the full amount of the purchase price. This action is presently before the Court on the ICC's motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

Under Rule 24(a), a party "shall be permitted to intervene" if the party "claims an interest relating to the property or transaction which is the subject of the action," and establishes that "he is so situated that the disposition of the action may as a practical matter impair cr impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The ICC argues that it has an interest in need of protection in that it is obligated under 49 U.S.C. § 11125(b)(5) to reimburse KCT for all losses it sustains while operating the Rock Island pursuant to the Commission order. All sums collected by KCT from Hyman-Michaels would reduce the amount for which the ICC must reimburse KCT. ICC also argues that its interest will not be adequately represented by KCT, because the Commission cannot be certain that KCT's interpretation of the scope of the orders will be consistent with the Commission's interpretation.

In *Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), the Supreme Court formulated the test for determining whether an applicant's interest is adequately represented, stating: "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal. *See* 3B J. Moore, Federal Practice § 24.09–1[4] (1969)." *Id.* at 538 n.10. The ICC has met this burden by showing that its interest is not identical to that of KCT. Accordingly, intervention under Rule 24(a) must be granted.

Even if intervention under Rule 24(a) was not required in this case, intervention would be appropriate under Rule 24(b). Rule 24(b) provides in pertinent part:

When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed.R.Civ.P. 24(b).

KCT bases its claim on the ICC order directing it to operate the Rock Island pursuant to 49 U.S.C. § 11125. To effectuate that order, the ICC required KCT to collect all money due ICC in connection with KCT's operation of the Rock Island.

The purpose of Rule 24(b) will be served if the ICC is permitted to intervene since the basis of the claim is the ICC order and the breadth of that order is likely to be at issue. Both the Court and the initial litigants will benefit from the ICC's assistance in defining the scope of the ICC's authority to order one railroad company to operate another and the scope of its order directing KCT to operate the Rock Island and collect all money due ICC during the course of that operation.

Since ICC's motion to intervene was timely and there has been no showing that intervention will unduly prejudice the existing parties, the motion is well taken under both Rule 24(a) and Rule 24(b). Accordingly, the motion to intervene is granted. It is so ordered.